# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WARREN CLAYBAR, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 14-0205-WS-C |
| | ) |
| MICHAEL R. HUFFMAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on defendant Michael R. Huffman's Motion to Dismiss (doc. 15). The Motion has been briefed and is now ripe for disposition.[1]

## I.  Relevant Background.

This action arises from an alleged oral profit-sharing agreement by certain contractors involved in the DEEPWATER HORIZON oil spill clean-up dating back to 2010. According to well-pleaded factual allegations of the Second Amended Complaint, which are accepted as true for purposes of this Order,[2] plaintiff Rian Glasscock was offered a contract "to put together the

---

[1] As originally formulated, Huffman's Motion was styled as a "Motion to Dismiss or in the Alternative for a More Definite Statement." In an Order (doc. 18) entered on August 1, 2014, Judge DuBose summarily denied the request for more definite statement. As such, the only remaining portion of the Motion is that seeking dismissal of Counts IV and V pursuant to Rule 12(b)(6), Fed.R.Civ.P.

[2] In their Response (doc. 29) to the Motion to Dismiss, plaintiffs have attached more than 150 pages of exhibits. These documents are apparently intended to corroborate and supplement plaintiffs' account of the facts. The trouble is that this matter comes before the Court on Rule 12(b)(6) review. At that stage, litigants and courts are typically confined to the four corners of the pleadings. *See, e.g., Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) (in deciding Rule 12(b)(6) motion, courts "limit[] our review to the four corners of the complaint"); *Wilchombe v. TeeVee Tunes, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) ("A court's review on a motion to dismiss is limited to the four corners of the complaint.") (citation and internal quotation marks omitted); *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss, … the court limits its consideration to the pleadings and exhibits attached thereto.") (citation omitted). Accordingly, (Continued)

required resources and management" for a direct contract with non-party National Response Corporation ("NRC") to provide equipment and labor for the clean-up project. (Doc. 22, ¶¶ 16.) Glasscock contacted plaintiffs Warren Claybar and Halley Moor, as well as defendant Huffman Construction, Inc., "to partner in fulfilling the contract." (*Id.*, ¶ 17.)

For its part, Huffman Construction "did not have the local contacts necessary to fulfill the resource requirements of the contract with NRC." (*Id.*, ¶ 18.) To address that deficiency, Huffman Construction and Michael Huffman entered into an oral agreement with Glasscock, Claybar and Moor, whereby plaintiffs would furnish the necessary equipment and labor to fulfill the NRC contract, while defendants would provide insurance and administrative services. (*Id.*, ¶ 19.) Pursuant to this arrangement, the Second Amended Complaint alleges, the parties "agreed to share equally in the net profits of the Defendants['] contract with NRC," meaning that each of Glasscock, Claybar and Moor would receive 25% of those net proceeds, with Huffman Construction retaining the other 25%. (*Id.*, ¶ 20.) The NRC contract yielded a bountiful harvest, as Huffman Construction allegedly received more than $4 million in net proceeds; however, Huffman Construction and Huffman never paid any of those profits over to Glasscock, Claybar and Moor. (*Id.*, ¶¶ 21-22.)

Based on these factual allegations, plaintiffs bring state-law claims against both defendants on theories of breach of contract, unjust enrichment, conversion, and fraud / reckless or negligent misrepresentation, as well as a distinct claim for piercing the corporate veil. (*See* doc. 22.)[3] Two of these causes of action are germane to the pending Rule 12(b)(6) Motion. With regard to the fraud claim (Count IV), the Second Amended Complaint alleges that, although defendants agreed to share net profits from the NRC contract with plaintiffs, "[w]hen they entered into that agreement, Defendants had no intention of honoring their agreement to pay

---

those exhibits cannot be considered at this time in shaping the facts before the Court. For the same reasons, Huffman's recitation in his brief of numerous facts exogenous to the pleadings (*see* doc. 16, at 2-4) is improper in the context of a Rule 12(b)(6) motion; therefore, such extra-pleading factual allegations are not examined herein.

[3] Despite the state-law nature of these claims, federal subject matter jurisdiction over this matter appears proper. Plaintiffs have adequately pleaded diversity jurisdiction, inasmuch as all plaintiffs are alleged to be citizens of different states than all defendants, and the amount in controversy is pleaded to be well in excess of the $75,000 jurisdictional threshold.

Plaintiffs their share of the profits." (Doc. 22, ¶ 39.)  Instead, the pleading asserts, defendants falsely conveyed their assent to the profit-sharing arrangement "in order to procure the … necessary resources to carry out the NRC contract" and did so with full knowledge "that Plaintiffs would rely and act upon same." (*Id.*, ¶¶ 40-41.)  In other words, the Second Amended Complaint pleads that the alleged oral contract was merely a ruse by Huffman Construction to mislead plaintiffs into providing assistance to perform the NRC contract, even though Huffman Construction from the outset never intended to make good on its promises.

To support the claim for piercing the corporate veil (Count V), the Second Amended Complaint alleges as follows: (i) Huffman and Huffman Construction "have combined and operated their affairs in such a way as to lose the protection of separate corporate and individual entities;" (ii) Huffman Construction "did not have bylaws at all material times;" (iii) Huffman Construction "has no resolutions authorizing corporate activity;" (iv) Huffman Construction and family members who were corporate officers would enter into loans without accompanying promissory notes setting forth repayment terms; and (v) officers utilized such loaned corporate funds to purchase recreational vehicles for personal use.  (Doc. 22, ¶¶ 47-51.)

Defendant Huffman (but not defendant Huffman Construction) has now moved to dismiss Counts IV and V, on the theory that the operative pleading fails to plead fraud with particularity and lacks sufficient facts to justify piercing the corporate veil.

**II.  Analysis.**

   ***A.    Legal Standard for Rule 12(b)(6) Motions.***

To withstand Rule 12(b)(6) scrutiny and satisfy Rule 8(a), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[ ][its] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citation omitted).  "This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012).  Thus, minimum pleading standards "require [ ] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  As the Eleventh Circuit has explained, *Twombly* / *Iqbal*

principles require that a complaint's allegations be "enough to raise a right to relief above the speculative level." *Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010) (citations omitted). "To survive a 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, ... but must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010) (citations and internal quotation marks omitted).

### B.     *Whether Plaintiffs Pleaded Fraud with Particularity.*

As noted, Huffman's Rule 12(b)(6) challenge to the Complaint is twofold. First, he argues in cursory fashion that Count IV should be dismissed for failure to plead fraud with particularity. (*See* doc. 16, at 6.) The Federal Rules of Civil Procedure provide that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Rule 9(b), Fed.R.Civ.P. There is no "one size fits all" checklist for satisfying this requirement. *See Tello v. Dean Witter Reynolds, Inc.*, 494 F.3d 956, 972-73 (11th Cir. 2007) ("While allegations of date, time or place satisfy the Rule 9(b) requirement that the *circumstances* of the alleged fraud must be pleaded with particularity, we have acknowledged that alternative means are also available to satisfy the rule in substantiating fraud allegations.") (citation and internal marks omitted); *Mechler v. John Hancock Life Ins. Co.*, 2008 WL 4493230, *3 (S.D. Ala. Sept. 30, 2008) ("Plaintiffs' fraud/fraudulent suppression claim could be better pled; however, the complaint, taken as a whole, sufficiently alerts the defendant to the misconduct with which it is charged."). And the Eleventh Circuit has emphasized that "[t]he application of Rule 9(b) … must not abrogate the concept of notice pleading." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (citation and internal quotation marks omitted).

Examining the Second Amended Complaint *in toto*, the Court readily concludes that it adequately pleads the circumstances constituting the alleged fraud for Rule 9(b) purposes. Indeed, the Second Amended Complaint alleges that defendants promised to pay Glasscock, Claybar and Moor each 25% of the net profits of the NRC contract, that they made this promise without ever intending to honor it, and that this promise tricked Glasscock, Claybar and Moor into furnishing resources to assist Huffman Construction in fulfilling the NRC contract. In light of those particularized factual allegations, no viable argument can be made that defendants have

not been alerted to the "precise misconduct with which they are charged," *Durham v. Business Management Associates*, 847 F.2d 1505, 1511 (11th Cir. 1988), which is, after all, the purpose of the particularity rule. For that reason, defendant Huffman's Motion to Dismiss is **denied** insofar as it seeks dismissal of Count IV for failure to plead fraud with particularity.[4]

### C. Whether Plaintiffs' Allegations of Piercing the Corporate Veil are Sufficient.

The second prong of Huffman's Rule 12(b)(6) Motion relates to Count V, which alleges that Huffman Construction's corporate veil should be pierced to impose individual liability on Huffman. It is well settled that "[t]he veil separating corporations and their shareholders may be pierced in some circumstances" to impose individual liability. *Dole Food Co. v. Patrickson*, 538 U.S. 468, 476, 123 S.Ct. 1655, 155 L.Ed.2d 643 (2003).[5] Alabama courts have cautioned that "[p]iercing the corporate veil to impose personal liability on a corporation's shareholder is not a

---

[4] At most, Huffman posits that Count IV flunks Rule 9(b) because it "fails to state when the misrepresentation was made, where it was made, what was said or any other fact attendant to the alleged misrepresentation." (Doc. 16, at 6.) This contention is inaccurate. Taken in context, the Second Amended Complaint may be reasonably read as identifying a mid-June 2010 timeframe for the alleged misrepresentations. Moreover, the pleading specifically alleges the nature of the misrepresentation (*i.e.*, defendants' promise to split profits with plaintiffs when they had no intention of actually doing so), the manner in which such misrepresentation deceived plaintiffs (*i.e.*, their reliance on it to furnish resources to Huffman Construction, anticipating a promised financial reward that defendants never planned to bestow), and what Huffman Construction obtained as a consequence of the fraud (*i.e.*, response resources from plaintiffs to facilitate its performance of the NRC contract). That the pleading does not enumerate "where it was made" is not fatal to the sufficiency of Count IV. Again, the Rule 9(b) requirement that fraud be pleaded with particularity is not a rigid, inflexible checklist. Besides, Huffman has not articulated any manner in which the Second Amended Complaint's failure to delineate the location where the alleged fraudulent statement was made results in inadequate notice to defendants about the circumstances of the alleged fraud, or in any way frustrates their ability to respond and defend against same. As such, defendant's skeletal Rule 9(b) argument is unconvincing.

[5] *See also M & M Wholesale Florist, Inc. v. Emmons*, 600 So.2d 998, 999 (Ala. 1992) ("In order to recover against an individual for the debts of a corporation, the plaintiff must show (1) that the individual agreed to be liable for the debts; or (2) that the facts surrounding the transaction support a disregard for the corporate form."); *Cohen v. Williams*, 318 So.2d 279, 281 (Ala. 1975) ("In a proper case, when the corporate form is being used to evade personal responsibility this court has not been hesitant to disregard the corporate form and impose liability on the person controlling the corporation and subverting it to his personal use by the conduct of its business in a manner to make it merely his instrumentality.").

power that is exercised lightly." *Gilbert v. James Russell Motors, Inc.*, 812 So.2d 1269, 1273 (Ala.Civ.App. 2001); *see also First Health, Inc. v. Blanton*, 585 So.2d 1331, 1334 (Ala. 1991) ("Piercing the corporate veil is not a power that is lightly exercised. … The mere fact that an individual or another corporation owns all or a majority of the stock of a corporation does not, of itself, destroy the separate corporate entity."). Notwithstanding this reluctance, Alabama courts have demonstrated willingness to pierce the corporate veil "where a corporation is set up as a subterfuge, where shareholders do not observe the corporate form, where the legal requirements of corporate law are not complied with, where the corporation maintains no corporate records, where the corporation maintains no corporate bank account, where the corporation has no employees, where corporate and personal funds are intermingled and corporate funds are used for personal purposes, or where an individual drains funds from the corporation." *Econ Marketing, Inc. v. Leisure American Resorts, Inc.*, 664 So.2d 869, 870 (Ala. 1994) (citations omitted).

The sum total of Huffman's argument for dismissal of Count V is that "the facts alleged by Plaintiffs in their complaint don't meet the stringent overall requirements of Alabama case law for 'Piercing the Corporate Veil.'" (Doc. 16, at 8.) This barebones analysis is inadequate to entitle Huffman to relief. As a threshold matter, movant's line of reasoning disregards the posture of this case at the pleadings stage, and fails to recognize or apply the relevant pleadings standard. A plaintiff need not definitively prove his claims in the complaint, much less recite each and every fact on which he intends to rely in support of those claims. *See, e.g., Speaker*, 623 F.3d at 1386 ("Speaker need not prove his case on the pleadings – his Amended Complaint must merely provide enough factual material to raise a reasonable inference, and thus a plausible claim"); *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) ("[a] plaintiff need not plead detailed factual allegations" to survive a Rule 12(b)(6) motion) (citation and internal quotation marks omitted). Again, the Federal Rules of Civil Procedure establish a system of notice pleading. All that is needed is for plaintiffs' Second Amended Complaint to "present sufficient factual matter, accepted as true, to raise a right to relief above the speculative level." *Simpson*, 744 F.3d at 708 (citation and internal quotation marks omitted). By effectively insisting that plaintiffs prove their case at the pleadings stage, Huffman misstates applicable law and would subject Count V to more stringent review than that prescribed by Rules 8 and 12(b)(6).

Pursuant to an *Iqbal* / *Twombly* analysis, the Court concludes that the Second Amended Complaint sets forth a plausible claim for piercing the corporate veil. In particular, plaintiffs' pleading delineates specific facts supporting a reasonable inference that Huffman Construction neither observed the legal requirements of corporate law nor maintained corporate records, that corporate and personal funds were intermingled (with corporate funds being used for personal purposes), and that an individual (Huffman) has drained funds from the corporation. These are just the sort of facts that the Alabama Supreme Court recognized in *Econ Marketing* might justify the unusual step of piercing the corporate veil to impose pass-through individual liability. As such, the factual allegations of Count V suffice to support a plausible claim for piercing the corporate veil, and therefore withstand *Iqbal* / *Twombly* sufficiency review.[6]

### III. Conclusion.

For all of the foregoing reasons, defendant Michael R. Huffman's Motion to Dismiss (doc. 15) is **denied** in its entirety.

DONE and ORDERED this 19th day of September, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] Of course, in so determining, the Court makes no findings and expresses no opinions as to the ultimate merit (or lack thereof) of plaintiffs' claim to pierce the corporate veil of Huffman Construction and thereby hold Michael Huffman personally liable for alleged corporate misdeeds. That assessment is "a question of fact … to be determined on a case by case basis," *Hill v. Fairfield Nursing and Rehabilitation Center, LLC*, 134 So.3d 396, 411 (Ala. 2013) (citation omitted), at an appropriate time.