IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WARREN CLAYBAR, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION 14-0205-WS-C |
| ) | |
| MICHAEL R. HUFFMAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on the Status Report (doc. 76) filed by plaintiffs on April 11, 2016.

Back on March 6, 2015, the undersigned entered an Order (doc. 37) staying this matter as to defendant Huffman Construction, Inc., upon receiving written notice that such defendant had filed a Chapter 11 petition in the U.S. Bankruptcy Court for the Northern District of Indiana a few days earlier.  The stay was imposed pursuant to the Bankruptcy Code's directive that, as a general matter, such a filing operates as a stay of "the commencement or continuation … of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title …."  11 U.S.C. § 362(a)(1).[1]

In a subsequent ruling dated October 23, 2015, the Court allowed Huffman Construction's counsel of record to withdraw from the representation based on counsel's showing of a complete breakdown in the attorney-client relationship.  (*See* doc. 64.)  The October 23 Order cautioned Huffman Construction as follows:  "Upon the lifting of the

---

[1] The March 6 Order explained that the case was not being stayed as to non-debtor defendant Michael R. Huffman, and that such order "will not operate to stay or otherwise affect plaintiffs' claims against defendant Michael R. Huffman." (Doc. 37, at 2.)  As such, this action proceeded as to Michael Huffman, culminating in entry of a default judgment against that defendant in the amount of $605,483.95 on December 7, 2015.  (*See* doc. 67.)

automatic stay and any resumption of these proceedings against Huffman Construction, that defendant will be required to make arrangements to retain new counsel promptly, given the prohibition on corporations appearing *pro se* in federal litigation." (Doc. 64, at 6.)

Earlier this week, plaintiffs filed a Status Report reflecting that Huffman Construction's Chapter 11 bankruptcy petition was dismissed on March 17, 2016, and that Huffman Construction has not moved to reinstate the bankruptcy proceeding or set aside the dismissal order. (*See* doc. 76.) Review of the docket sheet of Case 15-10261-reg in the United States Bankruptcy Court for the Northern District of Indiana, Fort Wayne Division, confirms that Chief Bankruptcy Judge Robert E. Grant entered an "Order Dismissing Case" (doc. 158) on March 17, 2016. The Order Dismissing Case reflected that a hearing had been conducted on the United States Trustee's motion to dismiss, with counsel for Huffman Construction and the trustee being present, and that "[f]or the reasons stated in open court, the United States Trustee's motion is GRANTED and this case is DISMISSED." (*Id.*) The docket sheet reflects no substantive activity in the bankruptcy case following entry of the Order Dismissing Case.

By statute, the automatic stay in bankruptcy "continues until the earliest of (A) the time the case is closed; (B) the time the case is dismissed; or (C) … the time a discharge is granted or denied." 11 U.S.C. § 362(c)(2). The bankruptcy court's entry of a dismissal order has the effect of immediately lifting the automatic stay. *See, e.g., Bullard v. Blue Hills Bank*, --- U.S. ----, 135 S.Ct. 1686, 1693, 191 L.Ed.2d 621 (2015) ("Dismissal lifts the automatic stay entered at the start of bankruptcy, exposing the debtor to creditors' legal actions and collection efforts."); *In re De Jesus Saez*, 721 F.2d 848, 851 (1st Cir. 1983) (rejecting notion that automatic stay continues after dismissal of bankruptcy petition, reasoning that "an automatic stay must plainly terminate upon dismissal of the petition giving rise to it" such that "[d]ismissal of the petition … would ordinarily terminate the stay as well"); *In re Rich*, 544 B.R. 436, 440 (Bankr. E.D. Cal. 2016) ("As to the debtor, the stay evaporates when the case is closed, the case is dismissed, or the discharge is entered."); *In re Murphy*, 493 B.R. 576, 579 (Bankr. D. Colo. 2013) ("with dismissal, the automatic stay terminates immediately pursuant to 11 U.S.C. § 362(c)(2)(B)"); *In re Jackson*, 452 B.R. 818, 822 (Bankr. D. Kan. 2011) ("The automatic stay ceases upon dismissal. … Upon dismissal, the automatic stay no longer protects debtors or their assets from creditors' collection efforts."). Pursuant to these authorities, the Court hereby **vacates** and **lifts**

the automatic stay of these proceedings against defendant Huffman Construction, based on the dismissal of that entity's bankruptcy petition last month.

To restore this case to an orderly, efficient and reasonable litigation path, it is **ordered** as follows:

1. Pursuant to the October 23 Order and the authorities cited in footnote 4 therein, Huffman Construction's counsel of record has withdrawn from this case, and defendant does not have the option of proceeding in this litigation without counsel.[2] Simply put, Huffman Construction cannot represent itself, nor can its owners, officers, shareholders or employees file papers in this case on its behalf unless they are licensed attorneys acting in a representative capacity. For this reason, it is imperative that Huffman Construction retain substitute counsel immediately if it wishes to be heard or to defend in this action. Huffman Construction is therefore **ordered**, on or before **May 5, 2016**, to notify the Court in writing of the name, address and telephone number of the substitute counsel it has retained to represent its interests in this action.

2. Counsel for both sides are directed to meet in person or by telephone, and to file a supplemental report pursuant to Rule 26(f), Fed.R.Civ.P., setting forth the parties' positions on such topics as what (if any) discovery remains outstanding, how long it should take to complete such discovery activities, when the parties request setting of the Final Pretrial Conference and trial, and whether any other unresolved issues exist that reasonably require judicial resolution prior to the Final Pretrial Conference. In terms of the form Report of Parties' Planning Meeting found at docket entry 11 in the court file, the parties' written supplemental report must address, at a minimum, items #2, 3, 4, 8, 9, 10, 11 and 12. This supplemental report must be filed on or before **May 20, 2016**.

---

[2] It is well settled that a business organization such as a corporation is an artificial entity that cannot appear in court *pro se* through an officer, executive or shareholder. *See, e.g., Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that … cannot appear *pro se*, and must be represented by counsel."); *S.E.C. v. Merchant Capital, LLC*, 2012 WL 3205543, *1 n.2 (11th Cir. Sept. 11, 2012) ("It is well established, however, that a business organization cannot appear *pro se* and must be represented by counsel, not merely by a stockholder or officer.") (citation omitted).

3. **Defendant is cautioned that failure to comply with this Order in a complete and timely manner may result in imposition of sanctions, up to and including entry of default and default judgment, against it upon motion by plaintiffs.**
4. The Clerk's Office is directed to mail a copy of this Order to Huffman Construction, Inc., c/o Michael R. Huffman, 10149 S. 300 East, Warren, IN 46792.

DONE and ORDERED this 14th day of April, 2016.

                                            s/ WILLIAM H. STEELE
                                            CHIEF UNITED STATES DISTRICT JUDGE